# United States District Court

## DISTRICT OF DELAWARE

UNITED STATES OF AMERICA

v.

JAMON R. SIMMONS



**Criminal Complaint**

CASE NUMBER: 07- 92M

(Name and Address of Defendant)

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about May 2, 2007, in the State and District of Delaware, Jamon Simmons, defendant herein, did knowingly possess in and affecting interstate commerce, a firearm, after having been convicted of a felony crime punishable by a term of imprisonment exceeding one year, in violation of Title 18, United States Code, Sections 922(g)(1) & 924(a)(2).

I further state that I am a(n) <u>Special Agent, United States Bureau of Alcohol, Tobacco, Firearms, and Explosives, ATF</u>, and that this complaint is based
                                                    Official Title
on the following facts:

See attached Affidavit.

Continued on the attached sheet and made a part hereof:   Yes X

                                                    _____
                                                    Signature of Complainant
                                                    Jason M. Kusheba
                                                    Special Agent, ATF

Sworn to before me and subscribed in my presence,

May 2, 2007                              at     Wilmington, DE
Date                                                   City and State

Honorable Mary Pat Thynge
United States Magistrate Judge
Name & Title of Judicial Officer                          Signature of Judicial Officer

FILED
MAY 3 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

I, Jason M. Kusheba, being duly sworn, state as follows:

1. I am a Special Agent with the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been so employed for over five years. During that time, my duties have included the investigation of firearms offenses at both the State and Federal levels. Your Affiant is currently assigned to the Operation Disarm Task Force and has been so assigned since October, 2003. During the course of your affiant's law enforcement career, your affiant has received law enforcement training on the investigation of firearms offenses on over fifty occasions. Your affiant has participated in over one hundred investigations of firearms offenses and participated in the seizure of over fifty firearms. You Affiant has also had over one hundred conversations with police officers and Federal agents about the facts and circumstances of firearms offenses. Your Affiant has been employed as a law enforcement officer in various capacities since 1997.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge.

3. The seizure of all the below stated evidence occurred on May 2, 2007, in the City of Wilmington, State and District of Delaware, as stated to me by Wilmington Police Detective Robert Fox who has personal knowledge of the stated facts. Detective Fox has been employed as a Wilmington Police Officer for approximately 4 1/2 years, and had made numerous arrests for firearms violations. Detective Fox is currently assigned to Operation Safe Streets of the Drug, Organized Crime, and Vice Division, and has been so assigned since March 9, 2007.

4. On May 2, 2007, at approximately 0036 hours, Detective Fox and Probation Officer Richard Negley were stopped at a stop sign in an unmarked Ford Crown Victoria on North Pine Street at the intersection of East 10th Street, facing northbound. Probation Officer Negley was the driver of the Crown Victoria and Detective Fox was the passenger. Both Fox and Negley were wearing plain clothes and were wearing ballistic vests marked with "Police".

5. At that time, Detective Fox observed a Chrysler New Yorker bearing Delaware registration ████ pass in front of their vehicle, traveling westbound on East 10th Street with no headlights on. Detective Fox and Officer Negley followed and attempted to stop this vehicle on East 10th Street at the intersection of Clifford Brown Walk by activating their vehicle's emergency police lights. The vehicle stopped temporarily at 10th and North Walnut Streets, then quickly accelerated, turning south onto North Walnut Street, driving the wrong way down a one-way street. Detective Fox and Officer Negley pursued the vehicle in this direction for two blocks when it stopped at 8th and North Walnut Streets. At that time, all three occupants of the vehicle fled on foot. The front passenger of the vehicle, later identified as Jamon Simmons; ████████ fled southbound on North Walnut Street.

6. Detective Fox pursued the defendant southbound on North Walnut Street, giving him loud verbal commands to stop. In approximately the 700 block of Walnut Street, while on the east

side of the street, Detective Fox observed the defendant throw what he believed to be a firearm from his right hand over his head and to his left, onto a roof. Detective Fox immediately transmitted over the radio that he observed the defendant throw a firearm. The defendant then turned eastbound on East 7th Street and proceeded in a southeasterly direction across East 7th Street. The defendant then entered into the courtyard of Compton Apartments, where he was taken into custody. The defendant was taken into custody approximately one city block from where Detective Fox observed him throwing what he believed to be a firearm.

7. The driver and rear passenger of the vehicle were pursued by Officer Negley but were not apprehended, nor were either of them identified during this investigation.

8. After Detective Fox arrested the defendant, he returned approximately three minutes later to the St. Michael's School and Nursery at 700 North Walnut Street, at which location he had observed the defendant discard the firearm. Detective Fox then climbed onto an approximate ten-foot high roof to recover what he had seen the defendant throw. On the roof, Detective Fox recovered a Charter Arms, Undercover .38 Special, .38-caliber revolver, serial number 624914, loaded with four rounds of .38-caliber ammunition, and one spent .38-caliber shell casing.

9. Wilmington Police Corporal James Karshner of the Evidence Detection Unit then responded to the roof of 700 North Walnut Street to take photographs of the aforementioned evidence.

10. Your affiant reviewed the computer criminal history information for the defendant from the Delaware Justice Information System (DELJIS) and the National Crime Information Center (NCIC) and learned that the defendant has a prior felony conviction for Burglary in the Second Degree from on or about October 3, 2000 in the New Castle County Superior Court for the State of Delaware, a crime punishable by imprisonment for a term exceeding one year. Your affiant also learned from those DELJIS and NCIC computer checks that the defendant has a total of 2 felony convictions and 17 misdemeanor convictions. Your affiant also learned that, at the time of the defendant's arrest, he had outstanding warrants in the State of Delaware for Escape after Conviction and for violating the terms his probation.

11. Your affiant also reviewed the computer criminal history information for the aforementioned firearm in NCIC and learned that it was reported stolen to the New York State Police on or about January 1, 1982.

12. From you affiant's training and experience, and from prior discussions with ATF Agents who are expertly trained and experienced in determining the interstate nexus of firearms, your affiant knows that the above mentioned firearm was manufactured in a state other than Delaware. As such, its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware, and thus the possession of that firearm in Delaware affected interstate commerce.

13. Based upon your affiant's training and experience, your affiant submits that there is probable

cause to believe that the above-mentioned seized firearm contained the frame and receiver of a firearm, and that the firearm appeared to be capable of expelling a projectile by action of an explosive.

14. Wherefore, based upon your affiant's training and experience, your affiant submits that there is probable cause to believe that the defendant violated Title 18 U.S.C. Section 922(g) and 924(a)(2) by possessing in and affecting interstate commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year, and respectfully requests that the Court issue a Criminal Complaint and arrest warrant charging that offense.

_____
Jason M. Kusheba
Special Agent, ATF

Sworn to and subscribed in my presence
This 2nd day of ~~March~~ May, 2007

_____
Honorable Mary Pat Thynge
United States Magistrate Judge
District of Delaware